Per Curiam.

The only question raised by the pleadings herein is whether, when the relator resigned on November 26, 1960, he was free to disregard his election of November 7, 1947, made pursuant to legislative authorization therefor, and base his claim to a pension under the state rules as set out in Section 741.18 (B), Revised Code*
At the time relator became a member of the Dayton fire department, municipalities were authorized under legislation then in effect to establish firemen’s relief and pension boards and to adopt rules and regulations for those who would participate in the funds. Relator contributed to the fund established by the city of Dayton under that legislation, from the time he became a member of the department, at the rate of two per cent of his salary under the rules adopted by the Dayton board.
Effective September 25, 1947, the General Assembly enacted a pension system bill which provided for a four per cent contribution by each member. Section 4614-1, General Code, a part of the 1947 enactment, read, in part, as follows:
“Persons who, on the effective date of this act, have been contributing two per cent of their annual salary to a firemen’s relief and pension fund may elect to receive benefits and pensions from said fund in accordance with the rules and regulations governing the granting of pensions and benefits there *531 from in force on the first day of April, 1947. Such election must be in writing and filed with the trustees of said fund within 60 days after the effective date of this act.”
Pursuant to the above-quoted statute, and within the 60-day period limited therein, the relator filed his election in writing to be governed by the rules and regulations in force on April 1, 1947.
Effective August 26, 1949, the General Assembly again amended the firemen-pension sections and provided, in addition to a four per cent contribution, that disability pensions should be in an amount equal to 66 per cent of the annual salary for the last year of service.
Relator contends that, since there was no provision for election included in the 1949 enactment, the legislative intent was to substitute the state plan for local plans that had theretofore existed. Undoubtedly this would be true as to any fireman who had not taken advantage of the election option given him by the 1947 legislation, because failure by such fireman to make such election within the 60-day period allowed by that statute would have, in itself, made him amenable solely to the state rules. Consequently, any provision in the 1949 enactment concerning election could have availed a fireman nothing so far as remaining in the local system was concerned. At that time, any given fireman was either in the state system or a local system, depending on whether he had made the election permitted under the 1947 statute.
Subsequent amendments as to the state pension system, however, have clearly recognized elections made by firemen under the 1947 legislation and have made provision for their invalidation. Effective September 14, 1951, the General Assembly enacted Section 4614-la, General Code (124 Ohio Laws, 772), specifically to give those firemen who were contributing two per cent of their salaries on September 24, 1947, the right, irrespective of any prior elections, to elect to come under the state rules provided they did so prior to January 1,1952. An almost identical statute was enacted, effective October 1, 1955, again giving such firemen, irrespective of prior elections, the right to come under the state rules. Relator availed himself of neither of these opportunities.
*532 Section 741.18 (K), as enacted in 1959 and in effect at the time of relator’s resignation, read as follows:
“A member of the fund who, pursuant to law, elected to receive pensions and benefits from the fund in accordance with the rules and regulations governing the granting of pensions and benefits therefrom in force on the first day of April 194.7, and who has been or is granted an annual pension in accordance with such rules because of length of service in a fire department * * * shall receive an annual pension, payable in 12 monthly installments, in an amount equal to the annual pension provided for by such rules or fifteen hundred dollars, whichever amount is greater.” (Emphasis added.)
Here is a clear legislative recognition of one’s right to remain in his local pension system and be bound by its rules and regulations. Relator had three clear opportunities to make himself amenable to the state rules. At each of these opportunities he has elected not to do so, once by positive action in electing to remain in the local plan and twice by failure to act when given the specific chance to act. We do not believe he is entitled under the law to do so now, after he has retired and when it appears more to his advantage. Although we concede that pension legislation should be liberally construed, it must nevertheless be construed reasonably and in such a way as not to reduce potential benefits to others who must also look to the fund.

Demurrer sustained and writ denied.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell, Herbert and O’Neill, JJ., concur.